640 A.2d 222

**Thomas Reginald MOTEN a/k/a Thomas Reginald Martinez**

v.

**STATE of Maryland.**

**No. 813, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

April 27, 1994.

Gina M. Serra, Asst. Public Defender, submitted (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Andrew M. McDonald, Asst. Atty. Gen., Baltimore, submitted (J. Joseph Curran, Jr., Atty. Gen., Baltimore and M. Kenneth Long, Jr., State's Atty. for Washington County, Hagerstown, on the brief), for appellee.

Submitted before MOYLAN, HARRELL and MURPHY, JJ.

MURPHY, Judge.

■   On May 4, 1993, in the Circuit Court for Washington County, a jury (the Honorable Fred C. Wright, presiding) convicted Thomas Reginald Moten a/k/a Thomas Reginald Martinez, appellant, of an October 28, 1992 distribution of cocaine and conspiracy to distribute cocaine.   Judge Wright sentenced appellant to concurrent prison sentences of seven years for each conviction.   In this appeal[1] we are presented with only one question:

"Did the trial court err in accepting [a]ppellant's waiver of counsel and in allowing [a]ppellant to represent himself?"

Appellant obviously contends that this question should be answered in the affirmative.   The State agrees.   We do not.

At the start of the May 4th proceedings, appellant informed Judge Wright that he wanted to discharge his lawyer, Gregory Hannigan, Esq., and represent himself.   The following transpired:

MR. HANNIGAN: ... your Honor, the defendant has a preliminary motion that he would like to make regarding counsel for this matter.

THE COURT: Mr. Martinez .. Mr. Moten or Mr. Martinez what motion do you have?

DEFENDANT: I would like to ah represent myself your Honor.

THE COURT: Your counsel has been appointed through the Office of the Public Defender?

DEFENDANT: Yes I have petitioned the court ah about a month ago as to release of counsel.

---

1.   Appellant has another appeal currently pending in this court, No. 1850, Sept. Term, 1993.   He is the Thomas Reginald Martinez a/k/a Thomas Reginald Moten who, on March 9, 1993, in the Circuit Court for Washington County, was convicted by a jury (the Honorable Daniel W. Moylan, presiding) of a November 10, 1992 distribution of cocaine charge.   Judge Moylan imposed sentence on June 8, 1993.   We take judicial notice of the record in that case.   *Fletcher v. Flournoy*, 198 Md. 53, 60–61, 81 A.2d 232 (1951); *Campbell v. State*, 37 Md.App. 89, 97 n. 1, 376 A.2d 866 (1977).

THE COURT: What is your reason?

THE DEFENDANT: Because I don't feel as though he knows the case. He was my representative on March the 9th and I didn't like the way he represented me. You know the questions that I felt would be essential pertaining to matters at hand was not you know handled properly. And I feel as though that I'm charged with ... I know the whole scenario and I would like to be my own representative.

THE COURT: Alright now you understand that you have the right to counsel and if you cannot afford an attorney, an attorney is appointed through the Office of the Public Defender and that counsel may be of importance in assisting you.

DEFENDANT: Yes you Honor. I understand that.

THE COURT: And you understand the charges I'm sure and the possible consequences of any guilty result?

DEFENDANT: Yes your Honor.

THE COURT: You also have the right of course not to have counsel if you do not want an attorney. With the knowledge that an attorney may be of assistance to you and be free of charge to you, you wish to waive your right to counsel and proceed without an attorney?

DEFENDANT: Yes your Honor.

THE COURT: And this is your own volition and there have been no influencing factors at all?

DEFENDANT: No sir.

THE COURT: Alright I will accept your discharge and waiver of counsel and permit you to proceed without counsel. I would like Mr. Hannigan however since he has been involved in this case for a while to be of assistance to you if you so desire.

MR. HANNIGAN: Thank you your Honor. I'll be happy to remain and advise as to points of law, etc.

.       .       .       .       .

THE COURT: I did not ask you since you now wish to represent yourself whether you have any reason to ask the

court for a continuance or (*sic*) this case. I assume you do not.

DEFENDANT: No sir. Thank you your Honor.

The case then proceeded to trial.

Appellant argues, and the State agrees, that Judge Wright failed in various respects to comply with Rule 4–215.[2] Maryland Rule 4–215(e) provides, in pertinent part:

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request.... If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

Subsections (a)(1)–(4), in turn, provide that the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

According to section (b) of Rule 4–215,

If a defendant ... indicates a desire to waive counsel, the court may not accept the waiver until it determines, after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, that the defendant

---

**2.** Appellant does not contend that the record fails to show whether he received a copy of the charging document, or that the record fails to show whether he knew the allowable penalties. He argues instead that he is entitled to a new trial merely because, when he asserted his right to self representation, Judge Wright failed to question him as required by the rule.

is knowingly and voluntarily waiving the right to counsel. If the file or docket entry does not reflect compliance with section (a) of this Rule, the court shall comply with that section as part of the waiver inquiry. The court shall ensure that compliance with this section is noted in the file or on the docket.... After there has been an express waiver, no postponement of a scheduled hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so.

█ It is true that Judge Wright should have asked appellant whether he had received a copy of the charging document, which in this case was an indictment filed on December 8, 1992. The failure to ask that question, however, does not require a reversal of appellant's conviction. The record in this case contains a Return filed by Deputy Leatherman, certifying that appellant received his copy of the indictment at 10:38 P.M. on January 5, 1993, while he was in the Washington County Detention Center.[3]

█ It is also true that Judge Wright should have advised appellant of the nature of the charges and the allowable penalties. Appellant had been present, however, at every stage of his March 9th jury trial. It is obvious that appellant knew the nature of the charges against him.

█ If appellant did not know what the allowable penalties were, the failure to provide him with that information would make his waiver of counsel ineffective. *Parren v. State,* 309 Md. 260, 282, 523 A.2d 597 (1987). Nothing in *Parren,*

---

3. On December 8, 1992, appellant was indicted for the offense that is the subject of this appeal. The Clerk of the Circuit Court for Washington County assigned Criminal No. 14518 to that indictment, and issued both a warrant for appellant's arrest and a summons requiring appellant to appear for arraignment on January 26, 1993.

Appellant was arrested on January 5th, and served with warrants in two separate cases: (1) the Circuit Court warrant served by Deputy Leatherman, and (2) a warrant that had been issued by a District Court Commissioner on January 4, 1993, charging him with the November 10, 1992 distribution of cocaine. The District Court Warrant triggered the Circuit Court proceedings tried on March 9, 1993.

however, indicated that the defendants had ever been told what the allowable penalties were. *Id.* at 276, 523 A.2d 597. Unfortunately for appellant, what he said during his opening statement persuades us that he had indeed received that information.

During his opening statement, appellant told the jurors: "... my name is Thomas Moten and my opening statement is in case you're not familiar with as far as coke or crack cocaine the penalty for crack cocaine is far higher ..."

■ Although the prosecutor objected before that statement could be completed, from appellant's attempt to tell the jurors about the penalty, we conclude that he actually knew then what he now claims he should have been told by Judge Wright.[4]

Neither *Evans v. State,* 84 Md.App. 573, 581 A.2d 435 (1990) nor *Smith v. State,* 88 Md.App. 32, 591 A.2d 902 (1991) holds that a circuit court defendant must be advised of the allowable penalties by a circuit court judge. In each of those "waiver by inaction" cases, a defendant who appeared for trial without a lawyer was refused a postponement and forced to represent himself because the circuit court ruled that he had waived his right to counsel. In each of those cases, we reversed because the circuit court had made its ruling on the basis of a record

---

4. Criminal defendants represented by counsel are presumed to have been informed of their constitutional rights. *Gilliam v. State,* 320 Md. 637, 652, 579 A.2d 744 (1990); *Oken v. State,* 327 Md. 628, 639, 612 A.2d 258 (1992); *Thanos v. State,* 330 Md. 77, 91, 622 A.2d 727 (1993). Rare are the defendants who do not ask their lawyers, "How much time can I get for this?" But for *Parren, supra,* we would hold that criminal defendants represented by counsel are presumed to have been informed about the allowable penalties as well.

In absence of such a presumption, the entire record must be examined in order to determine whether appellant knew the allowable penalties. Because of (1) what appellant said during his opening statement and (2) the commendable professionalism with which Mr. Hannigan conducted himself while representing appellant from February 2, 1993 to the moment that appellant asserted the right to self-representation, we are persuaded that it is much more likely so than not so that appellant knew what the allowable penalties were for a very good reason: Mr. Hannigan told him.

that did not establish that the defendant had ever been told about the consequences of showing up for trial without a lawyer. Nothing in either of those cases requires that we reverse appellant's conviction. The erroneous failure to advise appellant of the allowable penalties was, in this case, harmless beyond a reasonable doubt. *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

Judge Wright did not make an on-the-record determination of whether there were meritorious reasons for appellant's request to represent himself. We recognize that if appellant had requested new counsel, the court's failure to make such a determination would make the waiver ineffective. *Williams v. State,* 321 Md. 266, 273, 582 A.2d 803 (1990). In this case, however, appellant did not ask for another lawyer. He made a strategic decision to represent himself.[5] By making that decision, appellant might well have stubbed his toe, but this is simply not a case in which a defendant's ignorance or stupidity has been exploited in any way. Cf., *Ciriago v. State,* 57 Md.App. 563, 576, 471 A.2d 320 (1984).

Having decided on May 4, 1993 that he could do a better job than his court appointed lawyer, appellant now argues that he should be given an opportunity to try the case all over again because the busy trial judge who granted him the very relief he requested failed to dot an "i" that had already been dotted

---

**5.** Appellant now contends that he "was not saying that he chose to waive counsel altogether." That contention is utterly without merit.

On April 23, 1993, the Clerk of the Circuit Court for Washington County received a paper titled *NOTICE OF SUBSTITUTION OF COUNSEL,* signed by appellant, who mailed it from the Washington County Detention Center. That document made reference to the case tried on March 9th (14636) and the case that is the subject of this appeal (14518). Appellant presented the following request.

"Please withdraw the appearance of Mr. J. Gregory Hannigan, Esquire and substitute the appearance of Thomas R. Martinez, Esquire as counsel who wishes to represent himself in the above reference matters."

Thereafter, without ever requesting that another lawyer be appointed to represent him, appellant filed requests for the issuance of subpoenas and for transcripts of proceedings before the Grand Jury.

and failed to cross a "t" that had already been crossed. Appellant is not entitled to a new trial.

**JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.**