663 A.2d 593

**Thomas Reginald MOTEN a/k/a Thomas Reginald Martinez**

v.

**STATE of Maryland.**

**No. 95, Sept. Term, 1994.**

Court of Appeals of Maryland.

Aug. 23, 1995.

Gina M. Serra, Asst. Public Defender, (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Atty. Gen., both on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, J. (Retired, Specially Assigned).

RAKER, Judge.

This case presents the question of whether a trial court's failure to advise a defendant who wishes to waive counsel of allowable penalties, as required by Maryland Rule 4–215, can be harmless error. We shall answer in the negative.

## I.

Petitioner Thomas Reginald Moten, a/k/a Thomas Reginald Martinez, was indicted on charges of cocaine distribution, in violation of Maryland Code (1957, 1992 Repl. Vol., 1994 Cum. Supp.) Article 27, § 286(a)(1)[1]; cocaine possession, in violation of Article 27, § 287; and conspiracy to distribute cocaine, in violation of Article 27, § 290.

When Moten appeared for trial in the Circuit Court for Washington County, he informed the trial judge that he wished to discharge his attorney and represent himself. Following a colloquy with Moten, the court accepted the discharge and waiver of counsel and permitted the petitioner to proceed *pro se*, with counsel remaining to advise him "as to points of law, etc." With respect to allowable penalties, the trial court inquired:

THE COURT: And you understand the charges, I'm sure, and the possible consequences of any guilty result?

THE DEFENDANT: Yes, your honor.

After further inquiries unrelated to allowable penalties, the court accepted Moten's waiver of counsel and the case proceeded to trial. He was convicted of distribution of cocaine and conspiracy to distribute cocaine and sentenced to seven years imprisonment on each count, to be served concurrently.

---

1. Unless otherwise indicated, all statutory cites herein are to Maryland Code (1957, 1992 Repl. Vol., 1994 Cum.Supp.) Article 27.

Moten appealed to the Court of Special Appeals, contending only that he was entitled to a new trial because, when he asserted his right to self representation, the judge failed to inform him of the allowable penalties, as required by Rule 4–215(a)(3). In its brief before the intermediate appellate court, the State confessed error, conceding that the requirements of Rule 4–215(a) had not been satisfied. Thus, both parties agreed that the conviction should be set aside because the trial court failed to comply with Rule 4–215(a)(3), rendering waiver of counsel ineffective.

The Court of Special Appeals nevertheless affirmed Moten's conviction, holding that he knew the allowable penalties and, therefore, the failure of the court to advise him concerning those penalties was harmless error. *Moten v. State,* 100 Md.App. 115, 640 A.2d 222 (1994). The court, noting Moten's remarks in his opening statement to the jury, his acknowledgment of receipt of a copy of the charging document, the fact that he had been represented by counsel, and the fact that he had been convicted of the same offenses in another trial two months earlier, concluded that the record corroborated Moten's affirmation to the trial judge that he knew the nature of the charges and the permissible penalties.

We granted Moten's petition for writ of certiorari and the State's conditional cross petition. The conditional cross-petition asks this Court to adopt a rule whereby defendants represented by counsel are presumed to have been informed of the pending charges and the allowable penalties. We hold that under *Parren v. State,* 309 Md. 260, 523 A.2d 597 (1987), harmless error analysis is inapplicable to a violation of Maryland Rule 4–215(a)(3), and Moten is therefore entitled to reversal of his conviction and a new trial. We also decline to adopt the State's proposed presumption.

## II.

This case requires us once again to consider Maryland Rule 4–215. This Rule provides in pertinent part:

### Rule 4–215. WAIVER OF COUNSEL

**(a) First Appearance in Court Without Counsel.**—At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

The clerk shall note compliance with this section in the file or on the docket.

\* \* \* \* \* \*

**(e) Discharge of Counsel—Waiver.**—If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first

informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

It is undisputed that the trial judge did not inform Moten of the allowable penalties for the offenses charged in the indictment. We must therefore determine whether Moten's conviction may be upheld notwithstanding this violation of Rule 4–215(a)(3).

The answer to this question is dictated by our holding in *Parren v. State*, 309 Md. 260, 523 A.2d 597 (1987).[2] Following *Parren*, we hold that strict compliance with Rule 4–215 is required and that the judge's advice in this case did not satisfy this standard.

In *Parren*, we were called upon to determine whether the waivers by two defendants of their right to counsel were effective. We held that once subsections (a)(1)–(4) of Rule 4–215 were invoked, the trial court's failure to comply fully with its requirements rendered waivers of counsel ineffective. *Id.* at 282, 523 A.2d at 608. We found that the trial court erred when it accepted the defendants' waivers as freely and voluntarily made without first advising defendants as to the charges and penalties they faced. *Id.,* at 282, 523 A.2d at 608.

We stated that "the purpose of Rule 4–215 is to protect that most important fundamental right to the effective assistance of counsel, which is basic to our adversary system of criminal justice, and which is guaranteed by the federal and Maryland constitutions to every defendant in all criminal prosecutions." *Id.* at 281–82, 523 A.2d at 607. We then emphasized that compliance with this Rule was strictly mandatory. *Id.* at 282, 523 A.2d at 608. The defendants' convictions were accordingly

---

2. Although Maryland Rule 4–215 has been revised since our decision in *Parren, see* 18 Md.Reg. 1183, 1183–84 (1991), the amendments do not limit the holding of *Parren* or otherwise affect our analysis in the instant case.

reversed, because "the noncompliance with that part of subsection (3) of § (a) of Rule 4–215 which requires that the trial court advise the defendants of the penalties allowed for the crimes charged against them, rendered their waivers of counsel ineffective." *Id.,* at 282, 523 A.2d at 608.

Moten, like the defendants in *Parren,* was not informed by the court of the allowable penalties for the charges pending against him. As in *Parren,* the advice given in this case is insufficient under Rule 4–215.

Moreover, under *Parren,* this error cannot be considered harmless. We said in *Parren:*

> [W]e would be reluctant indeed to conclude that noncompliance with such an essential part of our Waiver Rule [the requirement of advice of penalties] be determined on an *ad hoc* basis. We think that to do so would erode Rule 4–215 and seriously encroach upon its purpose to protect the constitutional right to counsel. We believe that such a holding would enhance complexity rather than secure simplicity in procedure, tend to unfairness rather than fairness in administration, and, in the long run, promote rather than eliminate unjustifiable expense and delay.

*Id.,* at 282, 523 A.2d at 608.

### III.

The State has asked by way of cross-petition that we adopt a presumption that a defendant who discharges counsel has been informed by that counsel of the allowable penalties. We will not so presume.

Although it is perhaps true that attorneys routinely inform their clients of the charges and penalties they face, we cannot fairly assume that this happens in all cases. Such an assumption would be particularly unwarranted in cases arising under Maryland Rule 4–215(e), cases which often involve some problem in the attorney-client relationship.

Furthermore, a presumption that a defendant who discharges counsel has been informed of the prospective penalties would render the Rule superfluous. By definition, every

defendant who seeks to discharge counsel is first represented by counsel. If we presume that a defendant who discharges counsel has been advised, there would be no need for a rule requiring advisement; the rule would be pointless. *See Holman v. Kelly Catering,* 334 Md. 480, 486, 639 A.2d 701, 704 (1994) (noting the principle of construction that a statute or rule should not be read so that any part is rendered meaningless).

For the foregoing reasons, we reject the State's proposed presumption. Accordingly, Moten's conviction must be reversed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY AND REMAND TO THAT COURT FOR A NEW TRIAL AS TO ALL COUNTS. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY WASHINGTON COUNTY.*

RODOWSKY, J., dissents and files opinion in which JOHN F. McAULIFFE, J. (Retired Specially Assigned) joins.

RODOWSKY, Judge, dissenting.

I respectfully dissent because I agree with the reasons given in this case by the Court of Special Appeals, *Moten v. State,* 100 Md.App. 115, 640 A.2d 222 (1994), and because I adhere to the views expressed in my dissenting opinion in *Parren v. State,* 309 Md. 260, 283–303, 523 A.2d 597, 608–18 (1987) (Rodowsky, J., dissenting). The record adequately shows that Moten knew the possible penalty so that the purpose of Rule 4–215(a)(2) was satisfied.

Judge McAULIFFE has authorized me to state that he joins in the views expressed herein.