666 A.2d 872

**David M. FELDER**

v.

**STATE of Maryland.**

**No. 1414, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Nov. 1, 1995.

Claudia A. Cortese, Assistant Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Stuart O. Simms, State's Attorney for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before MOYLAN, BLOOM and WENNER, JJ.

MOYLAN, Judge.

This appeal was originally argued before us on October 12, 1994. In an unpublished opinion filed on November 22, 1994, we affirmed the appellant's conviction. The appellant's only contention was that he should not have been required to go to trial without the assistance of counsel.

The Court of Appeals subsequently granted *certiorari* in this case on September 6, 1995. On October 6, 1995, our mandate affirming the appellant's conviction was remanded to us for reconsideration in light of *Moten v. State*, 339 Md. 407, 663 A.2d 593 (1995). We have reconsidered in the light of *Moten v. State* and we again affirm the conviction.

In our original opinion, we observed, by way of unessential *dicta*, that any hypertechnical non-compliance with Md.Rule 4–215 was inconsequential. Our holding, however, was that there was no non-compliance. We did add, to be sure, an alternative holding that even if there had been error, it would have been harmless beyond a reasonable doubt. In light of *Moten*, that alternative holding was incorrect and should be deleted from our opinion. In light of *Moten*, moreover, our

gratuitous observations about the inconsequential nature of any non-literal compliance with Md.Rule 4–215 were also inappropriate and should be deleted from our opinion.

The opinion that follows, upon our reconsideration, tracks our original opinion with respect to the essential facts and our holding. It has made, however, the appropriate deletions. It should be carefully noted that this is not, in its essential nature, a Md.Rule 4–215(a) case. We are not concerned with any voluntary waiver of counsel on the appellant's part or with what information he should have been supplied in order to make a voluntary waiver. Indeed, the single issue he raised had nothing to do with the voluntariness of waiver.

Our holding was that the appellant, through inaction, forfeited his right to counsel. Rule 4–215(a)(5) and (d) acknowledges that there can be such a forfeiture. We may deem it a "waiver" by behavior but it is, by whatever name, a forfeiture. If such were not possible, there would be an unresolvable dilemma created when a defendant, able to afford counsel of his own and therefore ineligible for representation by the Public Defender, never voluntarily waives the right to be represented by counsel but, by the same token, never shows up for trial with counsel. If permitted, such obstructionism could soon collapse the criminal justice system. In any event, we are dealing here with a forfeiture through inaction, not with a voluntary waiver or with the knowledge necessary to make a voluntary waiver.

\* \* \* \* \* \*

The appellant, David M. Felder, was convicted by a Baltimore City jury, presided over by Judge Thomas Ward, of possession of cocaine. On this appeal, he raises the single contention that he should not have been required to go to trial without the assistance of counsel.

The appellant was arrested on May 5, 1993. On that day, he made his initial appearance in the District Court. Judicial Officer No. 1234, Carol Green, certified that she advised the appellant of the crimes with which he was charged and of their penalties. She gave the appellant a copy of the charging

document. She advised the appellant that if he appeared at trial without a lawyer, the trial judge could determine that he had waived his right to have a lawyer and that he could be required to proceed to trial unrepresented. The appellant signed and received a copy of a "Notice of Advice of Right to Counsel," acknowledging that he had been advised as follows:

> If you want a lawyer but do not have the money to hire one, the Public Defender may provide a lawyer for you.... If you want a lawyer but you cannot get one and the Public Defender will not provide one for you, contact the court clerk as soon as possible. DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET A LAWYER. If you do not have a lawyer before the trial date, you may have to go to trial without one.

After being notified that his first trial date was set for May 26, the appellant was released on his own recognizance.

Three weeks later, on May 26, the appellant appeared before District Court Judge Theodore B. Oshrine. The appellant requested a postponement in order to get an attorney. Judge Oshrine granted his request and then informed him:

> The Public Defender has an office across from the courtrooms, on the first floor of this building. If you want to go there while you're still here this morning, or actually this afternoon, go right downstairs now while you're in the building, see if you are eligible for representation by the Public Defender's Office. If you are, they'll appoint an attorney to represent you.... If you are not eligible, they'll tell you as I'm telling you now, that you will have to hire your own private attorney.

The appellant acknowledged that advice and was then given a new trial date of June 21. The District Court judges' "pretrial docket" contains Judge Oshrine's certification that he "informed the defendant of his right to, and the importance of, counsel;" that he advised the appellant that "making his next appearance without counsel could be [deemed] a waiver;" and advised the appellant further of the nature of the charges against him.

On the appointed trial date of June 21, the appellant, despite all of these advisements and warnings, appeared before Judge Nancy B. Shuger without counsel. Judge Shuger advised him, "You are entitled to representation by a lawyer, but if you should decide to go forward without a lawyer and you have questions about court procedures, ask them when you come up and we'll try to answer your questions." When the appellant's case was called, he was again advised of the charge against him and of the maximum penalty.

When asked why he did not have his lawyer with him, he explained that his family had tried to retain counsel but had failed to do so. He explained that he then contacted the Public Defender's Office but that since his request was within ten days of the trial date, they claimed that they did not have time to prepare a defense adequately. He stated that he had been given a confirmation letter by the Public Defender but he was unable to produce one before Judge Shuger. The appellant acknowledged, moreover, that he had failed to go to the Public Defender's Office immediately after the first postponement, after having been advised to do so by Judge Oshrine. Under the circumstances, Judge Shuger pointed out that he had been advised to get an attorney "almost a month ago." She refused to grant the appellant another postponement:

> Mr. Felder, this case has been in once before, and the Court postponed it for the purpose of giving you the opportunity to obtain a lawyer. And, I know, even before that, you were advised not to wait until the day of your trial, to make arrangements to get a lawyer. Under the circumstances, the Court's going to deny your request for a postponement.

■ On that day, June 21, the appellant waived, by inaction, his right to an attorney before the District Court. The requirements of Rule 4–215(c), dealing with waiver by inaction in the District Court, had been complied with. That subsection provides, in pertinent part:

> In the District Court, if the defendant appears on the date set for trial without counsel and indicates a desire to have counsel, the court shall permit the defendant to explain

the appearance without counsel ... If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing ... to obtain counsel and may proceed with the trial only if (1) the defendant received a copy of the charging document containing the notice as to the right to counsel and (2) the defendant ... appeared ... before the court pursuant to section (a) of this Rule and was given the required advice.

The appellant had appeared on the day set for trial without counsel. He indicated his desire for counsel and was permitted by Judge Shuger to explain why he had appeared without a lawyer. Judge Shuger found that there was no meritorious reason for his having appeared without a lawyer and that he would be deemed to have waived counsel by his failure to have obtained one. Judge Shuger ordered the trial to proceed. The prerequisites had been satisfied, because the appellant 1) had received a copy of the charging document and 2) had earlier appeared before a District Court judge, Judge Oshrine, and had been given the required advice.

By his own tactical adroitness, the appellant then avoided the inevitable, at least for the moment, by requesting a jury trial. Accordingly, a jury trial was set for the next day, June 22, in Circuit Court. It was there postponed until the following day, June 23. In the Circuit Court on June 23, before Judge Ward, the appellant did not ask for a postponement but proceeded immediately to the choosing of the jury. Asked to make an opening statement, he began:

Good afternoon. I am up here today representing myself because I could not afford a private attorney. And my parents were trying to get me a private attorney but they couldn't afford one. And they have a law that says you have to go to the public defender's office ten working days before your trial date. So, since I wasn't able to get to the public defender's office ten days before my trial date, the judge wouldn't let me get a public defender. That is why I'm up here representing myself today.

At the suggestion that the appellant was being treated unfairly by the system—"The judge wouldn't let me get a public defender"—Judge Ward deemed it appropriate to correct the false impression:

The Court: Well, now, Mr. Felder, I feel constrained to interrupt you right now. I don't wish you to make any comments at all about why you haven't any attorney. First of all, ladies and gentlemen of the jury, all defendants are notified immediately upon arrest by the court commissioner the day of arrest that they are entitled to a lawyer. And what the system doesn't want to happen is have people come in for trial when everybody's ready for trial, not get a lawyer, and do nothing about it, and then try to get a postponement, and therefore all the witnesses have to go back home and so forth.

Now, this is what has happened in this case. And when he came to trial thirty days after his arrest in the lower court, he did not have a lawyer. And he had not gone to the public defender's office which would have provided him with a lawyer if he could not have afforded one. He waited until just before the trial date in order to start movement in this direction. And the judge below denied him the postponement. This case was sent immediately up here for trial for a jury, which he requested, and that's why he's here before you.

Now, let's get on to the facts of this case, Mr. Felder, and don't mention anything about lawyers anymore. Go ahead, sir.

■ Our analysis turns to Rule 4–215(d), dealing with waiver by inaction in the Circuit Court. It provides, in pertinent part:

If a defendant appears in circuit court without counsel on the date set for . . . trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule . . . in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without

counsel.... If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing ... to obtain counsel and may proceed with the ... trial.

We see no failure to comply with Rule 4–215(d). The appellant appeared in Circuit Court without counsel on the date set for trial. The record showed, as we have discussed, compliance with Rule 4–215(a) in the appellant's appearance in the District Court in a case in which he demanded a jury trial. In his opening statement to the jury, the appellant certainly indicated his desire to have counsel and explained his reason for appearing without counsel. In any event, the appellant has raised no issue in either of those procedural regards. He challenges only the ultimate merits of requiring him to go to trial without counsel. Judge Ward found that there was no meritorious reason for the appellant's appearance without counsel and fully articulated his reasoning in that regard. The trial then proceeded over the course of the next two days. The appellant was convicted of the possession of cocaine.

Although we see no failure of compliance with any of the provisions of Rule 4–215, we nonetheless note that the appellant's challenge on this appeal is not that there was some failure to touch all of the bases according to the Maryland Rule. His challenge goes directly to the merits of requiring him to go forward and stand trial without a lawyer because he failed to make a timely request for assistance of the Public Defender's Office within ten days of his scheduled trial on June 21, 1993. For us to reverse and remand on the basis of some peripheral procedural issue that has not been squarely raised before us would be to dodge the important substantive issue that is before us.

For us to hold that the trial judges in this case abused their discretion when it came to their rulings on that constantly recurring substantive problem could be to create administrative havoc in the system. First Judge Shuger and then Judge Ward ruled that the appellant's non-diligence in aggres-

sively pursuing the subject of his legal representation constituted a waiver by inaction. Applying Rule 4–215 to the infinite *ad hoc* situations that inevitably arise is something that has to be entrusted to the wide discretion of the trial judge. We cannot say that the rulings in this case represented a clear abuse of discretion.

On May 5, forty-seven days prior to the June 21 trial date, the appellant signed and received a copy of a "Notice of Advice of Right to Counsel," which included the following warning:

> DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET A LAWYER. If you do not have a lawyer before the trial date, *you may have to go to trial without one.* (Emphasis supplied.)

On May 26, twenty-six days before the June 21 trial date, the appellant was expressly told by Judge Oshrine that the Public Defender had an office right across from the courtroom in the very building where the hearing was being conducted. Judge Oshrine expressly directed the appellant to go there "this afternoon, go right downstairs now while you're in the building, see if you are eligible for representation by the Public Defender's Office."

Notwithstanding the clear admonition of May 5 "Do not wait . . . to get a lawyer," the accompanying warning on that day that the failure to do so might force the defendant "to go to trial without one," and the express direction of Judge Oshrine on May 26 to "go across the hall right now," the appellant, as late as June 11, had done nothing. The criminal justice system need not stand by helplessly in the face of such bovine ineptitude.

In a desperate effort to keep the trial traffic flowing, we encourage a trial judge to warn a defendant in stern terms that he may be forced to trial without a lawyer if he fails to make timely efforts to obtain one. To reverse the trial judge in this case would be to tell judges generally that their stern words are, when push comes to shove, a meaningless bluff. We would be telling them that in their efforts to keep a

beleaguered production line moving they may admonish litigants about the perils of failing to adhere to time limits, but that they are then powerless to back up their words with action. We decline to do so.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.*