998 A.2d 352

**STATE of Maryland**

v.

**Jermaine Carroll CAMPER.**

**No. 82, Sept. Term, 2008.**

Court of Appeals of Maryland.

July 15, 2010.

**46**

Cathleen C. Brockmeyer, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, and Gary E. O'Connor, Asst. Atty. Gen., of Baltimore, MD), on brief, for petitioner.

Amy E. Brennan, Asst. Public Defender (Nancy S. Forster, Public Defender, of Baltimore, MD), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

BARBERA, J.

Respondent Jermaine Carroll Camper was tried before a jury in the Circuit Court for Talbot County and convicted of the charges of attempted distribution of cocaine and conspiracy to distribute cocaine. Respondent represented himself at trial, following the court's pretrial ruling, pursuant to Maryland Rule 4–215(d), that he had waived his right to counsel by inaction. Because Respondent had a prior conviction of a drug offense, the trial court sentenced him to a mandatory ten years' imprisonment without the possibility of parole, pursuant to Maryland Code (2002, 2008 Cum.Supp.), § 5–609 of the Criminal Law Article.[1]

On appeal to the Court of Special Appeals, Respondent argued, among other claims, that, before ruling that he had waived his right to counsel, the Circuit Court did not comply with the requirement of Rule 4–215(d) that the court first ensure the defendant has been informed of, among other matters, "the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any." [2] *See* Rule 4–215(d); (a)(3). Respondent argued in

---

1. That section of the Criminal Law Article provides, in relevant part:
 (b) *Second time offender.*—(1) A person who is convicted under subsection (a) of this section or of conspiracy to commit a crime included in subsection (a) of this section shall be sentenced to imprisonment for not less than 10 years and is subject to a fine not exceeding $100,000 if the person previously has been convicted once:
 (i) under subsection (a) of this section or § 5–608 of this subtitle;
 (ii) of conspiracy to commit a crime included in subsection (a) of this section or § 5–608 of this subtitle;
 (iii) of a crime under the laws of another state or the United States that would be a crime included in subsection (a) of this section or § 5–608 of this subtitle if committed in this State; or
 (iv) of any combination of these crimes.

2. The applicable provisions of Maryland Rule 4–215 state:
 (a) **First appearance in court without counsel.** At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:
 (1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

particular that the Circuit Court was required but failed to inform him that, if he were a subsequent offender, and if he were convicted of either pending drug charge, then he might face a mandatory ten-year sentence without possibility of parole.

The Court of Special Appeals, in an unreported opinion, agreed with Respondent. That court, applying *Knox v. State,* 404 Md. 76, 78, 945 A.2d 638, 639 (2008), concluded that the Circuit Court was required to, but did not, inform Respondent as part of the Rule 4–215(a) colloquy that he might face subsequent offender penalties. The Court of Special Appeals held that a trial court's failure to comply strictly with the Rule 4–215(a) requirements "can never be deemed harmless error." Consequently, the court reversed the convictions and remanded the case for a new trial.

---

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel. The clerk shall note compliance with this section in the file or on the docket.

(d) **Waiver by inaction—Circuit court.** If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

We granted the State's petition for certiorari to consider whether the trial court's error in failing to advise Respondent under Rule 4–215(a)(3) was harmless error because Respondent had actual knowledge of the information that must be disclosed pursuant to that provision of the Rule. Like the Court of Special Appeals, we reject the State's harmless error argument. We therefore affirm the judgment of that court.

I.

Respondent was charged on March 29, 2006, in the District Court of Maryland sitting in Talbot County, with one count each of attempted distribution of cocaine and conspiracy to distribute cocaine. Respondent demanded a jury trial, and the case was transferred to the Circuit Court for Talbot County.[3]

Respondent first appeared in the Circuit Court on June 7, 2006, without an attorney. At that time, the court ascertained that Respondent had a copy of the charging document. The court explained the charges, stating: "[T]hese are serious charges as you can see, 20 years and $25,000." The court did not inform Respondent that he could be subject to a mandatory minimum sentence if he were convicted of either charge and the State were to seek an enhanced sentence. The court, however, informed Respondent of his right to representation by an attorney and the benefits of retaining one. In addition, the court stated: "[I]f you appear for the hearing, the next hearing or trial without a lawyer I can determine that you have waived your right to a lawyer." The court further informed Respondent that, if he could not afford an attorney, he could apply for representation through the Office of the Public Defender.

On July 28, 2006, at another pretrial hearing, Respondent appeared without counsel and acknowledged that he had not contacted an attorney to represent him. The prosecutor

---

**3.** The State does not contend that Respondent was provided with any information in the District Court that bears on the Rule 4–215 issue that we address here.

informed the court that Respondent was due in court the following week in a different matter, in which he was represented by a public defender. The prosecutor suggested postponing the case to give Respondent a chance to confer with that public defender regarding the present case. The court agreed to reschedule the hearing and again advised Respondent that he should obtain a lawyer to represent him in the present case.

The court reset the pretrial hearing for August 11, 2006. Respondent did not appear at that hearing. The court then reset the hearing for September 15, 2006.

Respondent appeared without counsel at the September 15 hearing, evidently pursuant to a bench warrant. He informed the court that he had spoken with the attorney who was representing him in the other matter. According to Respondent, that attorney suggested the possibility of a plea bargain in the present case, which Respondent was not willing to accept. The court re-advised Respondent of the maximum penalties he faced on the charges, but, as before, did not inform him of the sentence enhancement he might face upon conviction. The court again encouraged Respondent to obtain counsel, directed him to the Office of the Public Defender, and admonished him that, "if you come in at that trial without a lawyer, I'm going to determine that you waived your right to a lawyer and we're going to go forward with the trial." The court released Respondent from custody on the requirement that he go to the Office of the Public Defender and make an appointment to obtain counsel.

A fourth hearing was held on October 6, 2006.[4] At that time, the court asked Respondent about his efforts to obtain counsel. Respondent explained that he had sustained a foot injury that made it difficult for him to get around but he had seen a private attorney whom he hoped to retain to handle the case. Respondent added that, although he had not seen the

---

4. The same judge conducted all of the Circuit Court proceedings in this case, save for the October 6, 2006 proceeding.

public defender, he definitely wanted an attorney to represent him in this case.

Evidently referring to Maryland's so-called *Hicks* rule,[5] the State noted that the case must be tried by early December. The State agreed to one more postponement of the pretrial hearing. The court warned Respondent that, if he appeared at the next hearing without an attorney, he might well be given a trial date. The court then informed Respondent that, under those circumstances, he would be going to trial with or without a lawyer. The court further informed Respondent that, if he went immediately to the Office of the Public Defender, he could probably obtain an attorney to represent him at trial. The court reset the pretrial hearing for October 13, 2006.

On that date, Respondent appeared without counsel. The court asked Respondent why he was not represented. Respondent explained that he did not have an attorney but was ready to go forward with trial because he had been given ample time to get one. Respondent added: "I know the serious double charges and you have definitely been fair with me and gave me ample time to get" an attorney. The court referred Respondent to the telephone book to find a private attorney, or to the Public Defender's office if he could not afford one. As was done in the past, the court gave Respondent an advice form, which included advice to retain a lawyer and the address of the Office of the Public Defender. The court set the trial date for November 13, 2006, and advised Respondent that, if he came to court without a lawyer on the trial date, the court could find that he had waived his right to counsel.

For some reason not made clear in the record, the trial date was moved to November 20, 2006. Respondent appeared in court on that date, without counsel. In response to the court's inquiry, Respondent stated that he could not afford an attor-

---

**5.** *See State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979) (construing the predecessors to Maryland Code (2008 Repl.Vol.), § 6–103 of the Criminal Procedure Article and Maryland Rule 4–271).

ney, and that the public defender had urged him to plead guilty. Respondent explained that he originally turned down the services of a public defender because he "didn't think that the public defender was going to represent [him] at his best ability." He changed his mind, however, and returned to the Office of the Public Defender two weeks before trial. By that time, however, it was too late to obtain representation.

After listening to Respondent, the court stated: "And I take it you're prepared to go forward with a jury trial today?" To that, Respondent answered, "Well, I have no choice, because you told me, you know, when I came back, you know, I have no choice but to go with it cause you told me when I came back that I needed to be prepared to go forward." The court then reviewed for the record all of Respondent's appearances without counsel and the advice the court had given Respondent at each of those appearances concerning the importance of obtaining an attorney. The court found that Respondent did not have a meritorious reason for appearing without a lawyer, and that he therefore had waived his right to counsel by inaction.

Trial commenced soon thereafter. Trial concluded later that day, upon the jury's return of a verdict finding Respondent guilty of the charged offenses.

Respondent was represented by a public defender at sentencing, which occurred on January 19, 2007. The State directed the court to the presentence investigation reflecting that Respondent had a prior distribution conviction from Queen Anne's County. The parties and the court then discussed the State's intention to seek an enhanced sentence. The State recalled that, just before the start of trial, and after the court found that Respondent had waived his right to counsel by inaction, the State and Respondent had discussed a plea. The State recounted that discussion for the court:

We went into the petit jury room and discussed [a possible plea] at that point[.] I verbally talked to him about what risk he was running and he told me that he knew that he was a subsequent offender and that he'd be subject to

enhanced punishment and specifically ten years without parole if convicted, but nonetheless, he wanted to go to trial and take that chance.

After hearing the State's recitation, the court found that Respondent "was certainly aware that he was a second time offender prior to and during the trial." The court thereafter determined that Respondent had received notice of the State's intention to seek an enhanced sentence and that, in any event, Respondent had waived his right to have the sentencing deferred for fifteen days. *See* Md. Rule 4–245(b), (c). The court then sentenced Respondent as a subsequent offender, pursuant to Criminal Law Article, § 5–609(b), to ten years' imprisonment for attempted distribution of cocaine, with a concurrent ten-year term of imprisonment for conspiracy to distribute cocaine.

Respondent appealed his convictions to the Court of Special Appeals. As we noted at the outset of this opinion, the intermediate appellate court held that the trial court committed reversible error by ruling that Respondent waived his right to counsel by inaction without first informing him that he faced possible mandatory sentence enhancements, if convicted. The Court of Special Appeals added:

> [O]ur holding in no way reflects any criticism that the circuit court did not make extensive efforts to encourage [Respondent] to seek counsel and warn him of the dangers of failing to do so. Indeed, we would characterize [the judge's] painstaking and patient efforts in this regard as nothing less than valiant. Yet the Court of Appeals has made clear that "substantial compliance with Md. Rule 4–215(a)(1)–(5) is not sufficient," and that failure to comply can never be deemed harmless error. We therefore must vacate the judgment of the circuit court and remand the case for a new trial.

(Quoting *Johnson v. State*, 355 Md. 420, 464, 735 A.2d 1003, 1027 (1999)) (internal citations omitted).

We granted the State's petition for writ of certiorari, 406 Md. 112, 956 A.2d 201 (2008), to address the following question:

Where the record shows that the prosecutor provided notice to [Respondent] before trial that he was subject to mandatory penalties as a subsequent offender, and [Respondent] acknowledged that he was aware of those penalties, did the Court of Special Appeals err in holding that reversal was required under *Knox v. State*, 404 Md. 76 [945 A.2d 638] (2008), which held that notice regarding mandatory penalties for a subsequent offender is required before a trial court may find that a defendant waives the right to be represented by counsel?

## II.

"The right of a defendant in a criminal case to counsel is guaranteed by the Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, and by Article 21 of the Maryland Declaration of Rights." *Brye v. State*, 410 Md. 623, 634, 980 A.2d 435, 441 (2009) (citations omitted). "The right to counsel seeks to protect a defendant from the complexities of the legal system and his or her lack of understanding of the law." *Id.* (citing *Powell v. Alabama*, 287 U.S. 45, 68–72, 53 S.Ct. 55, 63–65, 77 L.Ed. 158, 170–73 (1932)). Although a defendant has "the corresponding right to proceed without the assistance of counsel," he or she " 'relinquishes . . . many of the traditional benefits associated with the right to counsel.' " *Brye*, 410 Md. at 634, 980 A.2d at 441 (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581 (1975)). Accordingly, "for a defendant's waiver of counsel to be effective, 'the accused must "knowingly and intelligently" forgo those relinquished benefits.' " *Brye*, 410 Md. at 634, 980 A.2d at 441 (quoting *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581). A knowing and intelligent relinquishment of the benefits associated with the right to counsel requires that the defendant "be made aware of the dangers and disadvantages of self-representation, so that the record will establish

that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582 (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 279 (1942)).

 "As part of the implementation and protection of this fundamental right to counsel, the Court adopted Rule 4–215." *Knox,* 404 Md. at 87, 945 A.2d at 645. "The Rule 'provides an orderly procedure to insure that each criminal defendant appearing before the court be represented by counsel, or, if he is not, that he be advised of his Sixth Amendment constitutional right to the assistance of counsel, as well as his correlative constitutional right to self-representation.'" *Id.,* 945 A.2d at 645 (quoting *Broadwater v. State,* 401 Md. 175, 180–81, 931 A.2d 1098, 1100–01 (2007)). "The Rule exists as a 'checklist' that a judge must complete before a defendant's waiver can be considered valid; as such, it mandates strict compliance." *Id.,* 945 A.2d at 645 (internal quotation marks and citations omitted).

 Rule 4–215 is a "precise rubric." *Parren v. State,* 309 Md. 260, 280, 523 A.2d 597, 606 (1987) (internal quotation marks and citation omitted). "The requirements of Rule 4–215 'are mandatory and must be complied with, irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused[.]'" *Knox,* 404 Md. at 87, 945 A.2d at 645 (quoting *Broadwater,* 401 Md. at 182, 931 A.2d at 1102). We repeatedly have said that a court's failure to comply strictly with the Rule constitutes reversible error. *See, e.g., Brye,* 410 Md. at 637, 980 A.2d at 443; *Knox,* 404 Md. at 87, 945 A.2d at 645; *Broadwater,* 401 Md. at 182, 931 A.2d at 1102; *Richardson v. State,* 381 Md. 348, 367, 849 A.2d 487, 499 (2004); *Johnson v. State,* 355 Md. 420, 449, 735 A.2d 1003, 1018 (1999); *Moten v. State,* 339 Md. 407, 409, 663 A.2d 593, 595 (1995); *Parren,* 309 Md. at 281–82, 523 A.2d at 607–08.

In the present case, the trial court ruled pursuant to Rule 4–215(d) that Respondent waived his right to counsel by

inaction. Rule 4–215(d) provides that such a waiver can be found,

> [i]f a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial[.]

Rule 4–215(a), in turn, requires the court, inter alia, to "[a]dvise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any." Rule 4–215(a)(3).

Our decision in *Knox* leaves no doubt that the Rule 4–215(a)(3) advisement includes notice of subsequent offender penalties. 404 Md. at 88, 945 A.2d at 645. Consequently, even if the trial court is unaware that a defendant is a subsequent offender when giving the requisite Rule 4–215(a)(3) advisement, the court nevertheless must advise the defendant of the potential for sentencing enhancement. On that point, we said in *Knox:*

> To satisfy Rule 4–215, the court need only advise a defendant of the mandatory penalties set out in the statute under the offense charged, or, advise the defendant that *if* the defendant is a subsequent offender, that there may be enhanced penalties, and to recite the possible enhanced penalties. The court does not need actual knowledge of the defendant's status in order to give the advice.

*Id.* at 89, 945 A.2d at 646. We emphasized that, without advisement of the more severe potential penalties resulting from prior convictions, a defendant cannot effectively "evaluate the risks of forgoing the assistance of counsel," *id.* at 91, 945 A.2d at 647, and therefore "cannot have full understanding of the consequences of the waiver of counsel," *id.*, 945 A.2d at 647. Consequently, it is error for the court not to inform the defendant of the penalties to which he or she may be subject as a subsequent offender.

There is no dispute that Respondent was subject to a mandatory minimum sentence of ten years' incarceration, without the possibility of parole, if convicted of either of the two drug charges. *See* Criminal Law Article § 5–609(b). There is also no dispute that the Circuit Court, at some point before finding that Respondent had waived his right to counsel by inaction, was required to ensure that he was advised of that potential mandatory penalty, pursuant to Rule 4–215(a)(3) and *Knox.* Finally, it is undisputed that the record fails to show compliance with that requirement.

The State acknowledges that the trial court violated Rule 4–215 by ruling, without first informing Respondent that he faced a mandatory enhancement of his sentence, that Respondent had waived his right to counsel by inaction. The State argues that reversal of Respondent's conviction is unnecessary, however, because the court's failure to inform Respondent of the possibility of mandatory enhancement was harmless because he had actual knowledge of that fact. The Court of Special Appeals disagreed. So do we.

We shall assume, for purposes of addressing the State's contention, its premise that Respondent, at the time that he was found to have waived his right to counsel by inaction, had actual knowledge of the mandatory penalty he faced upon conviction of either of the drug charges.[6] To hold as the State would have us do, however, we would have to overrule *Moten,* 339 Md. at 409, 663 A.2d at 595, in which we expressly held that, under *Parren,* "harmless error analysis is inapplicable to a violation of Maryland Rule 4–215(a)(3)." *See also Brye,* 410

---

**6.** Respondent challenges the State's premise, asserting the following: "The record affords no basis from which to conclude that the State's Attorney's recollection on January 19, 2007 [the sentencing proceeding] of what he told Mr. Camper on November 20, 2006 [the date on which the court found the waiver by inaction and Respondent went to trial] was accurate." Respondent argues, in effect, that the Circuit Court was clearly erroneous in crediting the State's Attorney's recitation of the facts and finding, based on that credibility determination, that Respondent "was certainly aware that he was a second time offender prior to and during the trial." We need not address that argument because it is unnecessary to our disposition of the case.

Md. at 643–44, 980 A.2d at 447 (rejecting the State's "quasi-harmless error analysis" because it "conflicts directly with our clear mandate in *Moten* that 'harmless error analysis is inapplicable to a violation of Maryland Rule 4–215(a)(3)' " (quoting *Moten,* 339 Md. at 409, 663 A.2d at 595)).

We looked in *Moten* to *Parren* because in both cases the trial courts failed to inform the defendants of the full range of penalties available for the pending charges before finding that the defendants had waived their right to counsel. *Moten,* 339 Md. at 412, 663 A.2d at 596; *Parren,* 309 Md. at 282, 523 A.2d at 608. In both cases, evidence in the record indicated that the defendants had actual knowledge of the information omitted by the court during the Rule 4–215(a) inquiry. See *Moten,* 339 Md. at 409, 663 A.2d at 594; *Parren,* 309 Md. at 266–77, 523 A.2d at 604–05. We quoted in *Moten* the following passage from *Parren:*

> [W]e would be reluctant indeed to conclude that noncompliance with such an essential part of our Waiver Rule [the requirement of advice of penalties] be determined on an *ad hoc* basis. We think that to do so would erode Rule 4–215 and seriously encroach upon its purpose to protect the constitutional right to counsel. We believe that such a holding would enhance complexity rather than secure simplicity in procedure, tend to unfairness rather than fairness in administration, and, in the long run, promote rather than eliminate unjustifiable expense and delay.

339 Md. at 412, 663 A.2d at 596 (quoting *Parren,* 309 Md. at 282, 523 A.2d at 608).

■■■ We refuse to depart from the rule established in *Moten* and applied in *Brye* that a Rule 4–215(a)(3) violation is not subject to harmless error analysis. To do so would undermine the strong policy reasons, set forth in *Parren* and reflected in our subsequent decisions, that strict compliance with the requirements of the Rule protects the defendant's constitutional right to counsel and best serves the administration of justice.

We therefore hold that the trial court committed reversible error in failing to ensure that Respondent was informed, pursuant to Rule 4–215(a)(3), of the mandatory penalty to which he was subject upon conviction of either of the charged crimes. Respondent is entitled to a new trial.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY TALBOT COUNTY.**

MURPHY and ADKINS, JJ., Concur and Dissent.

MURPHY, J., concurring and dissenting, in which ADKINS, J., joins.

I agree that a "harmless error analysis is inapplicable to [the] violation of Maryland Rule 4–215(a)(3) [*that occurred in the case at bar*]." In my opinion, when no defense counsel has ever entered an appearance on behalf of the defendant, (1) the trial court should not hold a post-sentence evidentiary hearing to determine whether that defendant had actual knowledge of the information that should have been provided pursuant to the rule, and (2) the record must show that the trial court has "advise[d] the defendant that *if* the defendant is a subsequent offender, that there may be enhanced penalties, and [has recited] the possible enhanced penalties." *Knox v. State*, 404 Md. 76, 89, 945 A.2d 638, 646 (2008). Unlike the majority, however, I would apply a harmless error analysis in a "discharge of counsel" case where the defendant—having been permitted to discharge counsel—seeks a new trial on the ground that the trial judge failed to comply with the requirements of Md. Rule 4–215(e).

I would also hold that when the failure to advise about the possibility of an enhanced penalty is the *only* violation of Md. Rule 4–215(a), the appropriate remedy is a new sentencing proceeding at which the State is prohibited from seeking an enhanced penalty. I therefore dissent from the holding that

**60**

the Respondent is entitled to a new trial rather than a new sentencing proceeding.

Judge ADKINS has authorized me to state that she joins this concurring and dissenting opinion.