581 A.2d 435

Antwan T. EVANS

v.

STATE of Maryland.

No. 1882, Sept. Term, 1989.

Court of Special Appeals of Maryland.

Nov. 1, 1990.

Arthur A. Delano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WILNER, BLOOM and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Antwan T. Evans, appellant, was convicted by a jury in the Circuit Court for Baltimore City of possession of heroin. He was sentenced to four years imprisonment.

Appellant contends on appeal that the court erred:

1. In permitting him to be tried without counsel.

2. In finding the evidence sufficient to sustain his conviction.

We agree that the court erred when it required appellant to be tried without counsel without properly advising him at his first appearance in court or conducting a proper waiver hearing; thus we will reverse. Because retrial is not permitted if the evidence is insufficient to sustain the conviction, *see Mackall v. State,* 283 Md. 100, 113–14, 387 A.2d 762 (1978), we will also address the second issue.

## WAIVER OF RIGHT TO COUNSEL

On September 12, 1989, appellant appeared, without counsel, in the District Court of Maryland for Baltimore City and prayed a jury trial. On the same day, on instructions from the District Court,[1] he appeared in the Circuit Court for Baltimore City, again without counsel. That court postponed the case, stating:

> All right. I'm going to postpone the case one time until October the 3rd. Gives you four weeks to hire an attorney or to go back to the Public Defender, if the Public Defender is going to provide representation.

The court did not advise appellant pursuant to Maryland Rule 4–215(a).

On October 3, 1989, appellant again appeared in the circuit court without counsel. On that occasion, the following occurred:

> THE COURT: Now, Mr. Evans, you were before me on September 12th, and I postponed this case until today in order to give you an opportunity to retain an attorney or to go to the Public Defender, correct?
>
> MR. EVANS: Yes, Sir.
>
> THE COURT: And today you are not represented.
>
> MR. EVANS: I just now came from the telephone, and Mr. Greenberg came down here.
>
> THE COURT: I understand he was here, and he indicated that you had not made final arrangements with him, and he will not represent you.
>
> MR. EVANS: And my grandmother just now sent him a check down to his office, and he is going to call, he supposed to come down here right now.
>
> THE COURT: I'm satisfied, Mr. Evans, that you have failed to take reasonable steps to obtain counsel, either free counsel through the Public Defender's Office or

---

1. Appellant's case was handled in accordance with an expedited jury trial project instituted, and operating, in Baltimore City. Under the plan, a defendant praying a jury trial in the District Court has his case transferred, on the same day, to the Circuit Court for trial.

retain counsel and, therefore, I'm going to call upon you to proceed with the case today. I am going to treat your failure to obtain counsel as a waiver of counsel. Is the State prepared to make an offer to the defendant?

After appellant declined the State's offer, the case was transferred "upstairs for jury trial today."

Appellant appeared "upstairs" without counsel and advised the trial judge that his lawyer was "on his way." He admitted that he had tried "to postpone the case downstairs." When Kent Greenberg, the lawyer to whom appellant referred, arrived, the following occurred:

MR. GREENBERG: Your Honor, Mr. Evans was at my office last night, and I went over the charging documents as well as his version of the incident. I recently received a phone call from his grandmother, approximately 15 minutes ago, about retaining my services. They are obtaining the funds to do that. The only way that I would enter my appearance at this point—it is certainly up to the court the way you want to handle this—is if the case is postponed. If the case goes to trial today, I am not prepared. From his version of the incident, there are several witnesses that need to be interviewed, summonsed to court. And he is not—

THE COURT: All of this was attended to before Judge Davis, was it not?

MR. GREENBERG: Well, I wasn't there. I believe that's why it was sent up here. But I was in my office. I just came down here.

THE COURT: When that case comes through this door, it is my understanding all grounds for postponement have been listened to, the postponement denied, and Judge Davis has determined, or the district judge has determined that the defendant is either represented or has waived his right.

MR. GREENBERG: Well, Your Honor, I was not present in front of Judge Davis, and I did not address any of these issues in front of Judge Davis.

THE COURT: Who was your prosecutor before Judge Davis?

MR. COPPERTHITE: It would have been Ms. Hudson, Your Honor.

THE COURT: Where is Ms. Hudson?

MR. GREENBERG: She's in front of Judge Davis.

MR. COPPERTHITE: She is in front of Judge Davis handling that docket.

THE COURT: Is that not the truth? You asked Judge Davis to postpone the case?

THE DEFENDANT: I asked Judge Davis for just a little bit of time to get Mr. Greenberg here—to make it from his office down here.

THE COURT: And what did he say?

THE DEFENDANT: He say—He just say he was going to send it up here, whatever. That's all.

THE COURT: And you have been paid nothing, Mr. Greenberg?

MR. GREENBERG: That is correct. My understanding is that the grandmother is sending the retainer down to my office at this moment, so I would not be willing to enter my appearance. It should be there. I have represented members of the family before.

THE COURT: What is this defendant's name?

MR. GREENBERG: Antwan Evans.

THE COURT: "Evans." Mr. Clerk, we will take a recess.

After the recess, a jury was picked without further comment and trial proceeded with appellant not represented by counsel.

■ Appellant contends that the court erred in permitting him to be tried without counsel. Although the court complied with Rule 4–215(d), he complains that he was never advised pursuant to Md. Rule 4–215(a)(2) and (5). He also complains that the trial judge, although required by Maryland Rule 4–215(b) to do so, conducted no inquiry and,

thus, made no determination, on the record, that he had "knowingly and intelligently" waived his right to counsel.

Although it concedes that our opinion in *Argabright v. State*, 75 Md.App. 442, 457 n. 5, 541 A.2d 1017 (1988) indicates the contrary, the State argues that appellant, having been provided with an *Initial Appearance Report*, which was a part of the record and indicated that a judicial officer complied with Md.Rule 4–213(a) [2], has no cause for complaint since he received the information to which he was entitled under Maryland Rule 4–215(a).[3] In its view, because it involves the expedited jury trial project in operation in Baltimore City, *Argabright* is inapposite.

Maryland Rule 4–215, in pertinent part, provides:

(a) *First Appearance In Court Without Counsel.*—At the defendant's first appearance in court without counsel, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

---

**2.** Rule 4–213(a) requires the judicial officer to read to defendants who cannot do so, or cause those who can, to read, a notice explaining the right to counsel and its importance, and to advise a defendant that, should he appear for trial without counsel, "the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel." Md. Rule 4–213(a)(2).

**3.** The record is silent with respect to what, if any, advice concerning Rule 4–215(a), appellant received during his court appearance in the District Court. Therefore, we do not express any opinion as to the effect, if any, such advice would have on the case *sub judice.*

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

(b) *Express Waiver of Counsel.*—If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until it determines, after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, that the defendant is knowingly and voluntarily waiving the right to counsel. If the file or docket does not reflect compliance with section (a) of this Rule, the court shall comply with that section as part of the waiver inquiry. The court shall ensure that compliance with this section is noted in the file or on the docket. At any subsequent appearance of the defendant before the court, the docket or file notation of compliance shall be prima facie proof of the defendant's express waiver, no postponement of a scheduled trial or hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so.

* * * * * *

(d) *Waiver by Inaction—Circuit Court.*—In circuit court, if a defendant who has appeared before that court pursuant to section (a) of this Rule appears without counsel on the date set for a hearing or trial and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defen-

dant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

Subsection (a) requires the court to take certain action upon a defendant's first appearance in court without counsel, including informing the defendant of the right to counsel, its importance, and the probable consequences of appearing on a subsequent occasion without counsel. Subsection (d) leaves no doubt that the circuit court may not find a waiver of counsel by inaction in the absence of a defendant's prior appearance in court, without counsel, pursuant to subsection (a). These provisions are mandatory. *Parren v. State*, 309 Md. 260, 280, 523 A.2d 597 (1987); *Snead v. State*, 286 Md. 122, 130, 406 A.2d 98 (1979); *Thompson v. State*, 284 Md. 113, 123, 394 A.2d 1190 (1978); *Argabright*, 75 Md.App. at 457, 541 A.2d 1017. Strict, rather than substantial, compliance with their terms is required, *Parren*, 309 Md. at 280, 523 A.2d 597; failure to comply is reversible error. *Thompson*, 284 Md. at 122–16, 394 A.2d 1190.

Appellant's first appearance in circuit court was on September 12, 1989. The transcript of that proceeding shows that he was not advised, pursuant to Md. Rule 4–215(a)(2), of the right to counsel or, pursuant to subsection (a)(5), that if he appeared without counsel, the court could determine that he had waived counsel and proceed to trial with appellant unrepresented. Nor did appellant indicate a desire to waive counsel.

When appellant returned to court on October 3, 1989, the court proceeded as if it had previously complied with Rule 4–215(a) and determined that appellant, by inaction, had waived counsel. Neither Judge Davis nor the trial judge conducted a waiver inquiry pursuant to Maryland Rule 4–215(b) and appellant at no time indicated a desire to waive counsel. Because the court did not comply with Rule 4–215(a) upon appellant's first appearance in court, without counsel, it was error for it to have found waiver by inaction. *See* Md. Rule 4–215(d). It was thus appropriate for trial to proceed with appellant unrepresented only if appellant ex-

plicitly waived counsel. Since he at no time expressed a desire to do so and, at all times, wanted counsel and, in any event, neither Judge Davis nor Judge Ross inquired, pursuant to Rule 4–215(b), the court's error was exacerbated. Hence, we reverse and remand for further proceedings.

 The State's reliance on the fact that the case arose under the expedited jury trial project is unavailing. Cases forwarded to the circuit court for jury trials on an expedited basis remain subject to the Maryland Rules. Furthermore, because strict compliance with the rule is mandated, we now make explicit that which was but dicta, and, then, only implied, in *Argabright*, compliance by a judicial officer at a district court initial appearance is not a substitute for the circuit court's compliance with Maryland Rule 4–215(a).

## SUFFICIENCY

 According to the testimony of the arresting officer, appellant was arrested as a result of observations he made of appellant during a surveillance set up to investigate drug activities occurring at 4202 Pimlico Road. He testified that a glassine bag containing heroin was seized from appellant's person after a search. Appellant denied that he was in possession of heroin when he was arrested. If believed by the jury, the officer's testimony is clearly sufficient to sustain the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

JUDGMENT REVERSED.

CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY MAYOR & CITY COUNCIL OF BALTIMORE.