591 A.2d 902

**Steven James SMITH**

v.

**STATE of Maryland.**

**No. 1567, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

July 1, 1991.

M. Gordon Tayback, Baltimore, for appellant.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Frank R. Weathersbee, State's Atty. for

Anne Arundel County, Annapolis, on the brief), Baltimore, for appellee.

Submitted before BISHOP, ROSALYN B. BELL and FISCHER, JJ.

ROSALYN B. BELL, Judge.

Steven Smith was charged by a patron of a bar where he was working with having assaulted and battered her. The case was originally filed in the District Court, but, because of a prayer for jury trial, was transferred to the Circuit Court for Anne Arundel County.

In a separate case, Smith's former girlfriend charged him with assault and battery. She also charged him with having stolen her personal property and maliciously damaging the personal property. This case was also filed in District Court, but, because of a prayer for jury trial, was transferred to the circuit court.

These cases were apparently consolidated for trial in the circuit court. Smith was convicted of all charges at a bench trial. On the theft and malicious destruction of property charges, the trial court required Smith to pay restitution to the victim and placed Smith on 24 months supervised probation. On the assault and battery charges, Smith was given two 18-month sentences to be served concurrently. Smith has appealed and contends that the circuit court erred in ruling:

—that he had waived his right to be represented by counsel by his inaction; and

—that he had knowingly and voluntarily waived his right to trial by jury.

We hold that the circuit court failed to comply with the Maryland Rules regarding waiver of counsel and reverse the convictions. Therefore, we need not address whether Smith's waiver of a jury trial was valid.

## WAIVER OF COUNSEL

Appellant argues that the circuit court erred in ruling that he had waived his right to counsel by appearing for trial without counsel. He complains that the court failed to conduct a waiver inquiry pursuant to Rule 4–215 to determine whether his waiver was knowing and voluntary.

█ It should be noted at the outset that appellant received notice of his right to counsel in the District Court pursuant to Rule 4–213(a). Rule 4–213(a) requires that, when a defendant appears before a judicial officer of the District Court, the defendant must be informed of the charges against him, the allowable penalties and any mandatory penalties. The defendant must also receive a copy of the charging document at that time or as soon thereafter as possible. Rule 4–213(a) also requires that the defendant receive a notice advising the defendant of the right to counsel in accordance with Rule 4–202(a). Rule 4–202(a) requires that the defendant be notified of his or her right to counsel, how counsel may be helpful, and that, if the defendant appears on the trial date without counsel, he or she may have to go to trial without an attorney.

On the day of trial, appellant appeared before a circuit court judge to request a postponement in order to obtain counsel. The following colloquy occurred:

"[PROSECUTOR]: For the record, Your Honor, I would call K90–1206, K90–1621, K90–1622, State of Maryland vs. Steven Smith.

"COURT: What's your problem Mr. Smith?

"[APPELLANT]: Well, Your Honor, I need some more time to get money to pay my lawyer.

"COURT: What have you done to get an attorney?

"[APPELLANT]: Excuse me?

"COURT: What have you done to get an attorney?

"[APPELLANT]: Well, I've had a few cases this year and I've been paying him by the case.

"COURT: Who have you seen regarding these cases?

"[APPELLANT]: Gordon Tayback ... attorney.

"COURT: No, that was back in District Court.

"[APPELLANT]: I still have ... I'm still retaining him as an attorney.

"COURT: And that's it? You haven't seen any other attorneys?

"[APPELLANT]: I have him.... he has all of my court papers. Between fines and attorney fees, I'm just a little low on money right now.

"COURT: You were advised of your right to a Public Defender, were you not?

"[APPELLANT]: Yes, sir.

"COURT: And you were advised in the District Court on July the 10th, 1989 as to one of the cases when you appeared before the Commissioner of your right to an attorney, told you about the Public Defender?

"[APPELLANT]: Yes, sir.

"COURT: And in another case, I see August the 15th, 1989 ... a year ago, the same thing ... advised of your right to a Public Defender ... attorney ...

"[APPELLANT]: Yes, sir.

"COURT: And you also appeared in this Court for an Initial Appearance, did you not?

"[APPELLANT]: Yes, sir.

"COURT: Advised of your right to an attorney ... Public Defender?

"[APPELLANT]: Yes, sir.

"COURT: Well, you've had enough time. The Court finds that you've been given ample opportunity to get whatever attorney you want. The Court will deny any continuance for getting an attorney. The Court finds that he has waived his right to an attorney as a matter of law. Court denies the postponement. Take the cases back.

"[PROSECUTOR]: Shall we go back to Judge Rushworth with this?

"COURT: Yes. I made a finding that he waived his right to an attorney as a matter of law."

A short time later, appellant appeared before another circuit court judge for trial. No further inquiry regarding waiver of counsel was made. This judge also found that appellant waived his right to a jury trial and proceeded with a bench trial.

Because the charges were filed in the District Court and the cases would have been tried there but for the demand for a jury trial, whether the waiver of counsel was valid involves the interplay of Rules 4–301(b), 4–213(c) and 4–215. The effect of these Rules on the procedures for obtaining a valid waiver of counsel has never been addressed by this Court or the Court of Appeals.

Rule 4–301(b) provides, in pertinent part:

"Upon a demand by the defendant for jury trial that deprives the District Court of jurisdiction pursuant to law, the clerk may serve a circuit court summons on the defendant requiring an appearance in the circuit court at a specified date and time.... *The circuit court shall proceed in accordance with Rule 4–213(c) as if the appearance were by reason of execution of a warrant.* Thereafter, except for the requirements of Code, Article 27, § 591 and Rule 4–271(a), or unless the circuit court orders otherwise, pretrial procedures shall be governed by the rules in this Title applicable in the District Court." (Emphasis added.)

Rule 4–213(c), in turn, provides:

"The initial appearance of the defendant in circuit court occurs when the defendant (1) is brought before the court by reason of execution of a warrant pursuant to Rule 4–212(e) or (f)(2), or (2) appears in person or by written notice of counsel in response to a summons. *In either case, if the defendant appears without counsel the court shall proceed in accordance with Rule 4–215.* If the appearance is by reason of execution of a warrant, the court shall inform the defendant of each offense with which the defendant is charged, ensure that the defendant has a copy of the charging document, and determine

eligibility for pretrial release pursuant to Rule 4–216." (Emphasis added.)

Rule 4–215 provides for the procedures the circuit court must follow in determining whether a defendant has waived his or her right to counsel. In the instant case, the circuit court found that appellant had waived his right to counsel by appearing for trial without an attorney. Two separate sections in Rule 4–215 deal with waiver by inaction. Rule 4–215(c) deals with waiver by inaction in the District Court and Rule 4–215(d) deals with waiver by inaction in the circuit court.

The State argues that, because this case would have been tried in the District Court but for the demand for jury trial, Rule 4–215(c), rather than Rule 4–215(d), applies. Rule 4–215(c) provides in pertinent part:

"In the District Court, if the defendant appears on the date set for trial without counsel and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel.... If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the trial only if (1) the defendant received a copy of the charging document containing the notice as to the right to counsel and (2) the defendant either (A) is charged with an offense that is not punishable by a fine exceeding five hundred dollars or by imprisonment, or (B) appeared before a judicial officer of the District Court pursuant to Rule 4–213(a) or before the court pursuant to section (a) of this Rule and was given the required advice."

Thus, the State contends that, because appellant appeared before a judicial officer of the District Court pursuant to Rule 4–213(a) and received the required advice, his waiver by inaction is valid. We disagree and explain.

Rule 4–215(c) applies only when the defendant is actually tried in the District Court. This section does not apply

when the defendant is tried in the circuit court, even if the case could have been tried in the District Court. Rule 4–301(b) specifically provides that, if there is a demand for jury trial, the "circuit court shall proceed in accordance with Rule 4–213(c) as if the appearance were by reason of execution of a warrant." The provisions of Rule 4–301(b) that the District Court Rules apply to pretrial procedures *only* come into play after the circuit court has complied with Rule 4–213(c). Rule 4–213(c) requires the circuit court to comply with Rule 4–215 if the defendant appears without counsel.

■ Reading Rules 4–301(b), 4–213(c) and 4–215 in conjunction, it is clear that the Rules require the circuit court to comply with the waiver of counsel provisions applicable in the circuit court. These Rules do not allow the circuit court to apply the District Court Rules regarding waiver of counsel to cases being tried in the circuit court. Therefore, we hold that, when a demand for jury trial removes a case to the circuit court, the Rules regarding waiver of counsel in the circuit court apply. Specifically, we hold that rule 4–215(d) applies in this case.

■ Rule 4–215(d) provides:
"In circuit court, if a defendant who has appeared before that court pursuant to section (a) of this Rule appears without counsel on the date set for a hearing or trial and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the

defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial."

Maryland law is clear that the provisions of Rule 4–215 are mandatory and substantial compliance is not sufficient. *Parren v. State,* 309 Md. 260, 280, 523 A.2d 597 (1987). The failure to comply with these provisions constitutes reversible error. *Williams v. State,* 321 Md. 266, 274, 582 A.2d 803 (1990); *Parren,* 309 Md. at 282, 523 A.2d 597.

■ Rule 4–215(d) requires the circuit court to comply with Rule 4–215(a) before determining that there has been a waiver by inaction. *Evans v. State,* 84 Md.App. 573, 580, 581 A.2d 435 (1990). Rule 4–215(a) provides that, at the defendant's first appearance without counsel, the circuit court must ensure that the defendant has received a copy of the charging document and advise the defendant of the nature of the charges, the allowable penalties, including any mandatory penalties, and inform the defendant of the right to counsel and the importance of the assistance of counsel. Additionally, the circuit court must advise the defendant that, if the defendant appears without counsel, the court could determine that he or she has waived the right to counsel and require the defendant to proceed to trial without counsel. Rule 4–215(a).

The State argues, however, that, because a judicial officer of the District Court advised appellant of his right to counsel pursuant to Rule 4–213(a), appellant's waiver of counsel by inaction is valid. This Court has held that compliance with Rule 4–213(a) by a judicial officer in the District Court is not a substitute for compliance with Rule 4–215(a) by the circuit court. *Evans,* 84 Md.App. at 581, 581 A.2d 435.

*Evans* involved a situation that was very similar to the present case. Evans originally was to be tried in the District Court, but requested a jury trial. Evans appeared before the circuit court without counsel later that same day

for trial.[1]  He requested a postponement to obtain an attorney, which was granted.  The circuit court did not advise Evans pursuant to Rule 4–215(a).  On the second trial date, Evans again appeared without counsel.  He explained that he had not made final arrangements with an attorney, but he had just sent a retainer to his attorney's office.  The circuit court refused to postpone the case, finding that Evans had failed to take reasonable steps to obtain counsel. Evans was required to go to trial unrepresented.  *Evans*, 84 Md.App. at 575–77, 581 A.2d 435.

On appeal, Evans admitted that the circuit court had complied with Rule 4–215(d) in that it had determined he had not taken reasonable steps to obtain counsel.  Evans complained, however, that the circuit court had never advised him pursuant to Rule 4–215(a).  Thus, he argued that he could not have knowingly and intelligently waived his right to counsel.  We held that "[b]ecause the court did not comply with Rule 4–215(a) upon appellant's first appearance in court, without counsel, it was error for it to have found waiver by inaction." *Evans*, 84 Md.App. at 580, 581 A.2d 435.  Moreover, we stated that compliance by a judicial officer with Rule 4–213(a) at a District Court initial appearance could not substitute for the circuit court's compliance with Rule 4–215(a).  *Evans*, 84 Md.App. at 581, 581 A.2d 435.

In the instant case, appellant did receive notification of the right to counsel in the District Court pursuant to Rule 4–213(a).  Apparently, however, appellant never appeared before the circuit court before the day of trial.[2]  The circuit

---

1.  The Circuit Court for Baltimore City had instituted an expedited jury trial project under which a defendant, praying a jury trial in the District Court, had his or her case transferred to the circuit court the same day. *Evans*, 84 Md.App. at 575, n. 1, 581 A.2d 435.

2.  The State argues that appellant was advised of his right to counsel in an initial appearance before the circuit court.  The State relies on a statement made by the judge at the hearing on the request for a postponement quoted previously in this opinion.  The record, how-

court, therefore, did not advise him of the right to counsel or the consequences of appearing without counsel pursuant to Rule 4–215(a). Moreover, the colloquy that occurred between the judge and appellant at the hearing on the postponement was inadequate to comply with Rule 4–215(a). The circuit court failed to make certain that appellant had received a copy of the charging document. It also failed to advise appellant of the nature of the charges, the allowable penalties or any mandatory penalties. The circuit court also failed to make any inquiry to determine if appellant knowingly and voluntarily waived the right to counsel. Additionally, any information regarding appellant's right to counsel and the consequences of appearing without counsel was cursory at best. Therefore, in accordance with *Evans*, we hold that, because the circuit court failed to comply with Rule 4–215(a), it was error for it to have found a waiver by inaction under Rule 4–215(d).

The State argues, however, that *Evans* is distinguishable because the Court of Special Appeals did not address whether waiver of counsel by inaction is governed by Rule 4–215(c) or Rule 4–215(d) when a case is transferred to the circuit court by reason of a demand for jury trial pursuant to Rule 4–301(b). As discussed previously, however, we hold that a fair reading of Rules 4–301(b), 4–213(c) and 4–215 requires the circuit court to comply with Rule 4–215(d) under those circumstances. The Rules are precise rubrics that the courts are required to follow. *Parren*, 309 Md. at 280, 523 A.2d 597.

We recognize that, under the current Rules, a defendant whose case is removed to the circuit court by reason of a demand for jury trial may be advised of the right to counsel more than once. We also note that the procedures for advising a defendant of the right to counsel are considerably more streamlined in the District Court. Moreover, had appellant been tried in the District Court, the applicable

---

ever, contains no evidence that an initial appearance before the circuit court actually occurred.

Rules would have been satisfied. Nevertheless, we are constrained by the language of the Rules as currently written to hold that the circuit court must comply with Rule 4–215 in its entirety.

We note, however, that our holding in this case will have a limited application. On May 9, 1991, the Court of Appeals adopted a new version of Rule 4–215. This Rule will become effective July 1, 1991. The amendments require the District Court to comply with Rule 4–215(a) when a defendant appears before that court without counsel and demands a jury trial. The amendments also permit a circuit court judge to rely on the advice of the right to counsel previously given to a defendant by a District Court judge when the defendant requests a jury trial. Rule 4–215(a) and (d).

Because the circuit court failed to comply with Rule 4–215 in determining that appellant had waived the right to counsel, we must reverse his convictions.

JUDGMENTS REVERSED. CASE REMANDED FOR A NEW TRIAL. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.