800 A.2d 42

**Virgil O. WEBB**

v.

**STATE of Maryland.**

**No. 1237, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

June 10, 2002.

732

Margaret L. Lanier, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief) Baltimore, for appellant.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Patricia Jessamy, State's Attorney for Baltimore City, on brief) Baltimore, for appellee.

Submitted before HOLLANDER, JAMES R. EYLER, and SONNER, JJ.

JAMES R. EYLER, J.,

Virgil O. Webb, appellant, was convicted by a jury in the Circuit Court for Baltimore City of possession of cocaine with intent to distribute, possession of cocaine, possession of marijuana with intent to distribute, and possession of marijuana. After merger, the court sentenced appellant to ten years' imprisonment without the possibility of parole for possession of cocaine with intent to distribute, and five years' imprisonment for possession of marijuana with intent to distribute, to be served concurrently. Appellant raises the following issues on appeal:

1. Did the court err in finding that appellant waived the right to counsel through inaction?

2. Did the court err in imposing a sentence of ten years without the possibility of parole, in the absence of evidence that the State served on appellant notice of its intention to seek a mandatory sentence?

We answer the first question in the affirmative and, as a result, do not reach the second question.

## Factual Background

On March 14, 2001, appellant made his initial appearance in circuit court. Appellant was not represented by counsel. The following colloquy occurred:

[The Court:] Do you [appellant] have a lawyer, sir?

[Appellant:] Not today, Your Honor.

[The Court:] Are you familiar with the charges against you?

[Appellant:] Yes, sir.

[The Court:] Do you want those charges read to you word for word? Sir?

[Appellant:] Yes.

[The Court:] Yes, you do?

[Appellant:] Yes.

[The Court:] Okay, would you [State's Attorney] read the charges.

[The State:] [Appellant], you are charged that on December 31, 2000 at the Crismere Avenue, as observed by Officer John Brickhaus—in Count One you did possess cocaine with the intent to distribute it. In violation of Article 27, Section 286, the maximum penalty for that offense is a $25,000 fine and 20 years in prison. The Second Count you are charged with unlawful possession of cocaine in violation of Article 27, Section 287, that's a misdemeanor with a penalty of $25,000 and four years in prison. You're also charged in Count Three with possession of marijuana with the intent to distribute that and in violation of Article 27, Section 286, that is a felony with a penalty of $15,000 and five years in prison, and in the Fourth Count you are charged with unlawful possession of marijuana and in violation of Article 27, Section 287, with a maximum penalty of $1,000 fine and one year in prison.

[The Court:] Is [appellant] subject to any enhancements?

[The State:] No, Your Honor.

[The Court:] Okay. [Appellant] as you've just heard, you face serious charges. The maximum sentence for just one

charge is up to 20 years in prison and a $25,000 fine. So a lawyer can be very helpful to you in preparing information for the Court to consider. You can have either a private lawyer or the Public Defender. If you want the Public Defender you've got to apply to them and if you qualify, they will appoint someone to represent you. If you don't qualify or you just want to hire a private lawyer, you are responsible for making those arrangements yourself. Do you understand sir?

[Appellant:] Yes, sir.

[The Court:] In a moment we are going to give you a trial date. Please appear on that date with your lawyer. If you come to Court on a trial day without an attorney, the Court can decide that you've given up the right to be represented, you could be forced to go to trial without a lawyer, representing yourself. Do you understand that sir?

[Appellant:] Yes, sir.

The judge signed a form titled "Notification of Right to Counsel And Potential Consequences of Failure to Obtain Counsel" (Notice Form). The Notice Form contained an introduction, eight paragraphs, and a conclusion, each corresponding to a specific subpart of Rule 4–215(a).[1] Appellant signed the form and received a copy.

---

1. Rule 4–215(a) requires the clerk to note compliance with section (a) in the file or on the docket. We assume the Notice Form is filed in order to comply with this requirement.

 The introduction in the Notice Form corresponds to subsection (a)(1)—receipt of charging document. Paragraph (1) corresponds to subsection (a)(3)—nature of charges and penalties, mandatory or minimum. Paragraphs (2)-(7) correspond to subsection (a)(2)—right to and importance of counsel. Paragraph (8) corresponds to subsection (a)(5)—further appearance without counsel may be deemed as waiver. The conclusion contains an acknowledgment that Rule 4–215 was complied with by the court and that the defendant understood the advice. Although the Notice Form attests that the court "advised the defendant of the nature of the charge(s) against him/her and a lesser-included offenses and the range of allowable penalties...." (paragraph (1)), the transcript of the proceedings on March 14 reflects that it was an Assistant State's Attorney who advised appellant. We shall address the effect of this later in the opinion.

On June 8, 2001, appellant appeared in circuit court for trial before another judge. Appellant was without counsel, and the following colloquy occurred:

[The Court:] [Appellant], who represents you sir? Who represents you?

[Appellant:] I don't have representation, Your Honor.

[The Court:] Beg your pardon?

[Appellant:] I don't know representation [sic] right now, Your Honor.

[The Court:] Why not?

[Appellant:] Because actually I get my pay today and I didn't have enough for my lawyer. I mean (inaudible).

[The Court:] Madam Clerk, hand me the file. You appeared before Judge William Quarles on March 14th and he advised you of the nature of the charges against you and the range of liable penalties including mandatory and minimum penalties then, is that correct?

[Appellant:] (No verbal response).

[The Court:] All right. He told you you had the right to be represented by a lawyer at every stage of the proceedings, is that correct?

[Appellant:] (No verbal response).

[The Court:] All right. Number three, he told you a lawyer could give you important assistance in determining whether there may be defenses to the charges of circumstances and mitigation thereof in preparing for or representing your trial, is that correct sir? He did that?

[Appellant:] Yes.

[The Court:] All right. Number four, he told you even if you intend to plead guilty a lawyer may be of substantial assistance in obtaining and developing information which could affect the sentence or other disposition, is that correct?

[Appellant:] Yes, Your Honor.

[The Court:] Number five, he told [you] if you desire a lawyer you must hire a lawyer and have a lawyer enter an

appearance by June 8th. That if a lawyer does not enter an appearance a plea of not guilty will be entered on your behalf. He told you that, is that right?

[Appellant:] (No verbal response).

[The Court:] All right. Number six, he told you if you are financially unable to hire a lawyer you should apply to the Public Defender as soon as possible for determination of eligibility and have a lawyer provided for you by the Public Defender. Remember him telling you that?

[Appellant:] Yes.

[The Court:] All right. Number seven, he told you if the Public Defender refuses to provide a lawyer you should immediately notify the Clerk of the Court so the Court can determine whether you should be appointed a lawyer pursuant to Article 27A, Section 6(f) of the Maryland Code. Do you remember that?

[Appellant:] Yes, Your Honor.

[The Court:] And most importantly he told you number eight, if you appear for trial without a lawyer the Court could determine that you have waived the right to have a lawyer by neglecting or refusing to retain a lawyer or to make timely application to the Public Defender for a lawyer and then the case would proceed to trial even though you are not represented by a lawyer. Do you remember that?

[Appellant:] Yes.

[The Court:] And then on March 14th he satisfied himself that you had the intelligence and the capacity to appreciate the consequences of a decision not to employ a lawyer or to make timely application to the Public Defender for a lawyer and that you fully comprehend all of the matters. Do you remember that?

[Appellant:] (No verbal response).

[The Court:] All right. So why after being warned that if you didn't get a lawyer by June 8th that you had to represent yourself and you walk in here today without a lawyer.

[Appellant:] Your Honor, I'm not lying to you but I do work and I only get paid like every two weeks. I do have a family that I take care of. I tried to get my lawyer to get it at the end of this month and I wasn't able to. I don't get paid until Friday and the lawyer wasn't taking what I had. And he wouldn't appear in Court to give me a postponement unless I came up with—

[The Court:] When you realized—

[Appellant:] When I realized that at least I was trying to get my Public Defender before—I didn't make the ten day working day to get the lawyer.

[The Court:] Well you had plenty of advanced notice from March 14th to either hire a lawyer or get to the Public Defender on time. So you know what happens now. You go to trial without a lawyer. All right. . . .

Appellant elected to be tried by a jury, and the court explained the function of pre-trial motions. After hearing testimony, the court denied appellant's motion to suppress the evidence seized by police. Appellant pled not guilty and again elected a jury trial. On June 11, 2001, appellant failed to appear on time for trial, and the court ordered that he be held without bail and rescheduled the trial date. A jury trial was conducted, beginning on June 13, 2001. Appellant was not represented by counsel. He was found guilty of all charges.

## Discussion

### I.

Maryland Rule 4–215, in pertinent part, provides:

(a) First appearance in court without counsel. At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5) If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

The clerk shall note compliance with this section in the file or on the docket.

. . . . .

(d) Waiver by inaction—Circuit court. If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

Md. Rule 4–215.

Appellant contends that the finding of waiver by inaction was in error because sections (a) and (d) were not satisfied. Appellant argues that, on March 14, 2001, subsection (a)(3)

was not complied with because an Assistant State's Attorney advised appellant with respect to the nature of the charges and penalties instead of the court, and subsection (a)(2) was not complied with because the judge's advice regarding the right to and importance of counsel was insufficient. Relying on *Gray v. State*, 338 Md. 106, 656 A.2d 766 (1995), and *Moore v. State*, 331 Md. 179, 626 A.2d 968 (1993), appellant also alleges that section (d) was not complied with because the court failed to properly consider appellant's reason for appearing without counsel and failed to make findings as to whether his reason was meritorious.

The State contends that subsection (a)(3) was satisfied because the prosecutor, at the express direction of the court, stated the offenses charged and possible penalties; subsection (a)(2) was satisfied because the court advised appellant that the assistance of counsel would be helpful; and section (d) was satisfied because the court did implicitly find that appellant's reason for appearing without counsel was not meritorious. We hold that subsection (a)(3) was violated, but we reject appellant's arguments with respect to subsection (a)(2) and section (d).

The purpose of Rule 4–215 is to protect the fundamental right to the effective assistance of counsel. *Parren v. State*, 309 Md. 260, 281–82, 523 A.2d 597 (1987). Rule 4–215 is a bright line rule, *Johnson v. State*, 355 Md. 420, 452, 735 A.2d 1003 (1999), which sets forth precise procedures to be followed by the court. *Parren*, 309 Md. at 278, 523 A.2d 597. The requirements of this rule are mandatory. *Evans v. State*, 84 Md.App. 573, 580, 581 A.2d 435 (1990); *Argabright v. State*, 75 Md.App. 442, 457, 541 A.2d 1017 (1988).

When a defendant first appears in court without counsel, subsections (a)(1)-(5) direct the trial court to take certain actions, including advising the defendant of the nature of the charges and the allowable penalties. Md. Rule 4–215(a)(3). A defendant's knowledge of the allowable penalties for the charges before the court plays an integral role in the preservation of the right to counsel. *Parren*, 309 Md. at 282,

523 A.2d 597 (citing *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948)). Before a court can find that waiver of counsel is knowing and intelligent, it " 'must assure itself that the defendant knows ... the possible punishment.' " *Id.* (quoting *United States v. King*, 582 F.2d 888, 890 (4th Cir.1978)). A failure to comply with the dictates of (a)(1)-(5) precludes a finding of waiver by inaction under section (d). *See, e.g., Smith v. State*, 88 Md.App. 32, 591 A.2d 902 (1991); *Evans v. State*, 84 Md.App. 573, 581 A.2d 435 (1990).

 The plain language of Rule 4–215 directs that only full compliance by the trial court will suffice, and the record must reflect such compliance. *See* Md. Rule 4–215(a) ("the court shall"); Md. Rule 4–215(d) ("the record [must] show compliance with section (a) of this Rule....").

 Maryland appellate courts demand strict, not substantial, compliance with the rule in order to find waiver. *Johnson*, 355 Md. at 464, 735 A.2d 1003 (holding that substantial compliance with the rule was not sufficient for there to be an effective waiver of counsel under section (d)). *See e.g. Moten v. State*, 339 Md. 407, 663 A.2d 593 (1995); *Parren v. State*, 309 Md. 260, 523 A.2d 597 (1987); *State v. Bryan*, 284 Md. 152, 395 A.2d 475 (1978); *Smith v. State*, 88 Md.App. 32, 591 A.2d 902 (1991); *Evans v. State*, 84 Md.App. 573, 581 A.2d 435 (1990); *Argabright v. State*, 75 Md.App. 442, 541 A.2d 1017 (1988). Strict compliance is required to ensure a defendant's right to a fair trial and to protect the constitutional right to counsel. *Johnson*, 355 Md. at 451, 735 A.2d 1003. The failure of a trial court to conduct a thorough and proper Rule 4–215 inquiry mandates a reversal of the conviction. *See, e.g., Moten*, 339 Md. at 411–12, 663 A.2d 593; *Williams v. State*, 321 Md. 266, 274, 582 A.2d 803 (1990); *Thompson v. State*, 284 Md. 113, 394 A.2d 1190 (1978).

On June 8, 2001, the circuit court did not mention Rule 4–215 in concluding that "you [appellant] had plenty of advanced notice from March 14th to either hire a lawyer or get to the Public Defender on time. So you know what happens now. You go to trial without a lawyer." Assuming that, on June 8,

the court found compliance with Rule 4–215(a), it is unclear whether the Court's finding was based on: (1) appellant's appearance in circuit court on March 14; (2) the execution of the Notice Form; or (3) the court's inquiry of appellant on June 8.

The offenses charged against appellant brought him within the exclusive original jurisdiction of the circuit court. Md. Code (1996 Repl.Vol., 2000 Supp.) Art. 27, § 286(b). Sections (a) and (d) of Rule 4–215 dictate that appellant should have received his advisements when he first appeared in circuit court, or when he appeared in the District Court without counsel and demanded a jury trial. Appellant never appeared in the District Court without counsel and demanded a jury trial; therefore, our focus is on whether the record reflects that appellant was properly advised upon his first appearance in circuit court.

At his first appearance in circuit court, appellant was advised by the prosecutor, on the record, of the exact charges and allowable penalties. This was done at the express direction of the court. The court summarily reiterated to appellant, "you've just heard, you face serious charges. The maximum sentence for just one of the charges is up to 20 years in prison and a $25,000 fine." It is undisputed that the court did not advise appellant of *all* the charges in the charging document and allowable or mandatory penalties. The narrow issue before us is whether the advisements complied with the directive that "the court shall advise the defendant of the nature of the charges in the charging document, and the allowable penalties...." Md. Rule 4–215(a)(3) (emphasis added). The instructions from the prosecutor and court substantially complied with Rule 4–215. We are constrained, however, by the requirement of strict compliance.

The plain language of Rule 4–215(a) contemplates advisements "by a judge" or "the court." [2] The language of

---

**2.** By comparison, Rule 4–242(c), governing acceptance of pleas of guilty, and Rule 4–246(b), governing acceptance of waivers of jury trial,

the rule "means what it says." *Johnson*, 355 Md. at 464, 735 A.2d 1003. The recitation itself must come from the trial court. As recognized by the Court of Appeals, "[t]he commands to the court are that it *'shall'* do the acts set out; the Rule mandates the ***court's conduct***." *Parren*, 309 Md. at 280, 523 A.2d 597 (emphasis added). Requiring advisements by only "the court" or "a judge" is consistent with the rationale behind strict compliance. The "specific procedure [of Rule 4–215] ... must be followed by the trial court in order for there to be a knowing and intelligent waiver." *Johnson*, 355 Md. at 444, 735 A.2d 1003.

Strict compliance with Rule 4–215 precludes a finding of waiver of counsel by inaction based on advisements given by anyone other than a judge or the court. For example, full disclosure of advisements under (a)(1)-(5) by a District Court commissioner does not comply with the rule because a commissioner is not a "judge" or a "court". *Johnson*, 355 Md. at 455, 735 A.2d 1003. In *Harryman v. State*, 359 Md. 492, 754 A.2d 1018 (2000), although reaching its decision on other grounds, the Court of Appeals similarly noted that "the procedures and responsibilities of 'the court' regarding a criminal defendant's waiver of counsel as set forth in Rule 4–215 are to be carried out by a judge, and not a master who is not a *judicial* officer." *Harryman*, 359 Md. at 512 n. 13, 754 A.2d 1018. By the same reasoning, advisements under the rule by an Assistant State's Attorney are insufficient because a prosecutor is neither a judge nor a court.

In *Smith v. State*, 88 Md.App. 32, 591 A.2d 902 (1991), and *Evans v. State*, 84 Md.App. 573, 581 A.2d 435 (1990), this Court applied Rule 4–215 as it then existed.[3] The defendant in each case was charged in District Court and elected a jury trial. We held that evidence of compliance with Rule 4–213

---

provide that a defendant may be examined by the court, the State's Attorney, the defendant's attorney, or any combination thereof.

**3.** Rule 4–215 was amended in 1991 to permit a circuit court judge to rely on advice previously given by a District Court judge.

(initial appearance of defendant) in District Court did not satisfy Rule 4–215 in circuit court. *Smith,* 88 Md.App. at 39–41, 591 A.2d 902; *Evans,* 84 Md.App. at 580–81, 581 A.2d 435.

In *Moten v. State,* 100 Md.App. 115, 640 A.2d 222 (1994), the defendant argued and the State conceded that Rule 4–215 was not complied with, and therefore, the trial court erred in accepting the defendant's waiver of counsel. This Court did not agree. We held that the failure of the trial court to conduct the exact litany under the rule did not warrant reversal of the defendant's conviction. *Moten,* 100 Md.App. at 121, 640 A.2d 222. Instead, we recognized that the record showed that the defendant received a copy of the indictment, he had been represented by counsel, he was convicted of the same offense previously, and he discussed the penalties in opening statements. *Id.* at 121–22, 640 A.2d 222. We concluded that the defendant was aware of the nature of the charges against him and allowable penalties. *Id.* at 121, 640 A.2d 222. We opined that neither *Evans, supra,* nor *Smith, supra,* held that a circuit court defendant must be advised by a circuit court judge of the allowable penalties if the record reflected that the defendant had actual knowledge. *Id.* at 122–23, 640 A.2d 222. The Court of Appeals reversed. *Moten v. State,* 339 Md. 407, 663 A.2d 593 (1995).

The Court of Appeals noted that the circuit court did not inform the defendant of the allowable penalties. The advice given was insufficient under the strict compliance standard of Rule 4–215, and the failure was not harmless error. *Id.* at 411–12, 663 A.2d 593.

■■■ The execution of the Notice Form by the court on March 14 was inadequate to constitute strict compliance with Rule 4–215. *See supra* n. 1. Paragraph 1 states that the court advised appellant of the exact nature of the charges and the allowable or mandatory penalties, but it does not specify the charges and penalties. Assuming the form had contained that information, appellant was not orally advised of the same by the court. The appellate courts of this State have not addressed the question of whether a form that reflects total

compliance with Rule 4–215 is itself sufficient evidence of compliance. *See Johnson,* 355 Md. at 453–60, 735 A.2d 1003 (forms did not reflect total compliance); *Argabright,* 75 Md. App. at 458 n. 5, 541 A.2d 1017 (same).

 On June 8, 2001, when appellant appeared for trial without counsel, the court conducted an inquiry of appellant that mirrored the content of the Notice Form. After determining appellant had waived counsel by inaction, the court held a motions hearing in which appellant was not represented by counsel. The court's inquiry did not constitute strict compliance with the rule. The Court of Appeals has stated that "[f]or the rule [4–215] to be an effective constitutional safeguard, it contemplates defendants receiving the advisements during their 'first appearance in court without counsel,' *well before the day of trial."* *Johnson,* 355 Md. at 461, 735 A.2d 1003 (emphasis added).

In *Johnson,* the circuit court questioned the defendant on the day of the trial about prior appearances before the court and attendant advisements. The defendant affirmatively responded "yes" to the court that certain advisements had been given in a prior proceeding, and that a judge had signed a form indicating the same. The Court of Appeals rejected the argument that this constituted strict compliance and instead found that it was unlikely that the defendant, eight months and five appearances later, truly recalled being advised of anything or understood the court's exact question. *Johnson,* 355 Md. at 456, 735 A.2d 1003. Further, the Court recognized that the record did not specifically show that the defendant had been told of the consequences of appearing without counsel. *Id.* In the case before us, as discussed previously, the record reflects there had not been strict compliance with Rule 4–215(a) at the March 14 appearance, irrespective of appellant's recollection on June 8. The judge presiding on June 8 would not have known, however, because the Notice Form recites that there had been compliance.

In the instant case, substantial compliance is insufficient to support a finding of waiver. *Moten,* 339 Md. at 412, 663 A.2d

593 ("[The defendant] was not informed by the court of the allowable penalties for the charges pending against him. As in *Parren*, the advice given ... is insufficient under Rule 4–215."); *Parren*, 309 Md. at 282, 523 A.2d 597 ("[W]e would be reluctant indeed to conclude that noncompliance with such an essential part of our Waiver Rule [the requirement of advice of penalties] be determined on an *ad hoc* basis. We think that to do so would erode Rule 2–415 and seriously encroach upon its purpose to protect the constitutional right to counsel.").

We note that we are interpreting a rule adopted by the Court of Appeals. As noted previously, we are not left to speculate as to the Court's intent; its intent is to require strict compliance with the Rule's language. We further note that the apparent rationale behind the requirement that the trial judge—not some other person or entity—perform the functions required by the Rule is that the judge is the impartial arbiter with ultimate authority over the courtroom. The law perceives that certain things should be done by a judge, *e.g.*, instructing the jury as to the law. The rationale applies with respect to the issue before us. We hold that the trial court erred when it found waiver by inaction because there had not been strict compliance with Rule 4–215(a)(3).

With respect to subsection (a)(2), appellant argues that "the importance of assistance of counsel" was not explained in any meaningful way. Appellant cites no authority in support of his argument, and we are not aware of any appellate decisions elaborating on the express language of subsection (a)(2). As previously noted, we have ample authority stating that strict compliance is required. The court, on March 14, stated on the record that "a lawyer can be very helpful ... in preparing information for the Court to consider." In our view, that is tantamount to advising that the assistance of counsel is important and, therefore, constitutes strict compliance with subsection (a)(2). Additionally, although the Notice Form did not contain the charges and allowable penalties, as previously discussed, the form did advise appellant that a lawyer could render "important assistance" (1) in

determining whether there may be defenses or mitigating circumstances and in preparing for and representing appellant at trial; and (2) even if appellant intended to plead guilty, in obtaining information that could affect the sentence or other disposition.

With respect to section (d), appellant argues that the court, on June 8, gave "short shrift" to appellant's explanation for appearing without counsel and made no explicit finding that the reason was meritorious. Appellant, in response to questions from the court, stated that he had not contacted the Public Defender's office in a timely manner and he did not have enough money to hire a private attorney to represent him. Appellant offered no other explanation for the failure to obtain an attorney over a period of almost three months. He did not indicate that he was unaware of the time requirements to contact the Public Defender's office and that he did not contact the office because he thought he could obtain the money necessary to hire an attorney, as in *Gray v. State*, 338 Md. 106, 112–13, 656 A.2d 766 (1995), or that he had recently obtained employment, as in *Moore v. State*, 331 Md. 179, 186, 626 A.2d 968 (1993). In those cases, the Court of Appeals held the trial court should have further developed the reasons before deciding whether they were meritorious. *Gray*, 338 Md. at 114, 656 A.2d 766; *Moore*, 331 Md. at 186, 626 A.2d 968. In the case before us, appellant offered no information that required follow up, such as a change in his financial situation or lack of knowledge. The court, after listening to the explanation, implicitly found the reason was non-meritorious.

## II.

Appellant argues that the court erred in imposing his sentence because the record is devoid of evidence establishing that the State complied with Maryland Rule 4–245(c). Rule 4–245(c) requires that the State serve notice on a defendant fifteen days before sentencing in circuit court where the law requires mandatory sentencing based on a defendant's alleged

prior conviction. The State contends that the record contains evidence supporting the trial court's finding that notice was properly served pursuant to Rule 4–245(c). We need not determine whether the trial court's finding was erroneous in light of our decision on the first issue presented.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**

HOLLANDER, J.

I join in the opinion, but write separately to express my view as to the application of Maryland Rule 4–215(a)(3) in the context of this case.

As the Court's opinion reflects, the prosecutor specifically set forth the nature of the charges and the possible penalties, at the express direction of the trial judge. There is no suggestion that, as to either the charges or the penalties, the prosecutor's advisement was inaccurate or incomplete. Moreover, at the conclusion of the prosecutor's recitation, the court reiterated a portion of what the prosecutor had just told the appellant. In my view, under the watchful eye of the trial judge, a trial judge ought to be able to delegate, in such a limited way, this portion of the advisement.

As I see it, given that the State has brought the charges, a prosecutor may be more familiar with the potential penalties that each offense carries. Therefore, it seems reasonable for a judge to ask the prosecutor to articulate the charges and penalties. In a practical sense, there may also be times when such assistance is not only welcomed but necessary. For example, judges are no more immune to minor maladies than others, and a judge suffering with laryngitis or a sore throat may require help with delivering a lengthy advisement.

Nevertheless, even if a prosecutor's accurate recitation of the charges and penalties satisfies the spirit of the rule, it

does not comport with the letter of the rule. The particular text of Rule 4–215 does not authorize the trial court to delegate any portion of the advisement. In this regard, I am mindful of the principles that govern how we are to construe and interpret the language of a rule. *See, e.g., State v. Wiegmann*, 350 Md. 585, 592–93, 714 A.2d 841 (1998). When these principles of construction are coupled with the repeated pronouncements of the Court of Appeals, mandating strict compliance with Rule 4–215, *see, e.g., Johnson v. State*, 355 Md. 420, 464, 735 A.2d 1003 (1999), I agree that a reversal is required. Any changes in the literal text of Rule 4–215(a)(3), or in its construction, are matters that fall within the exclusive province of the Court of Appeals.